NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL RASHOD HUNTER,

                              *Plaintiff*,

        v.

ANGEL VALENTIN et al.

                              *Defendants*.

Civil Case No. 26-2517

OPINION AND ORDER

July 7, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before this Court upon *pro se* Plaintiff Michael Rashod Hunter's ("Plaintiff") filing of a Complaint (ECF 1, "Compl.") and an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 1-2). Having reviewed Plaintiff's application, the Court has decided this matter upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's application is **DENIED.**

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); and

**WHEREAS** a litigant "must establish that he is unable to pay the costs of his suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016), and "bears the burden 'to provide the Court with

1

the financial information it needs to make a determination as to whether [they] qualify for IFP status." *Gray v. GT Auto Sales*, No. 25-5982, 2026 WL 63483, at *1 (D.N.J. Jan. 8, 2026) (quoting *Freeman v. Edens*, No. 07-1227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007)); and

**WHEREAS** this Court has denied IFP applications where plaintiffs state that they are unemployed, have zero income, assets, or expenses, and do not expect any future income, without any explanation as to how they subsist. *See Gray*, 2026 WL 63483, at *1-2 (denying a plaintiff's IFP where they "marked zeroes across the board" because the court could not determine his financial status or how he covered his minimal expenses with no income); *Afshar v. Rutgers Univ.*, No. 24-7251, 2024 WL 4476154, at *1 (D.N.J. Oct. 11, 2024) (denying a plaintiff's IFP application where "he wrote '0' for every single box, declaring that he has no income, no assets, no savings, and most implausibly, no expenses," because the court could not evaluate his "claimed indigency"); *Hedgepeth v. Cap. Health*, No. 23-3620, 2023 WL 6579821, at *2 (D.N.J. Oct. 10, 2023) (denying a plaintiff's IFP application where he listed that he had "no cash, no bank accounts, no assets, no income, and no expenses" and failed to "explain how he subsists without paying any expenses")); and

**WHEREAS** Plaintiff lists "0" in every single section of his IFP application, alleging that he has zero income, assets, expenses, employment history, or future income, (ECF 1-2), and provides no explanation or additional addendum explaining how he subsists within these economic conditions.

**IT IS**, on this 7th day of July 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 1-2) is hereby **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case; and it is further

**ORDERED** that if Plaintiff seeks to reopen this case, he shall, within thirty (30) days of the entry of this Order, either (1) submit a renewed IFP application with an addendum explaining how he subsists given his current financial situation or (2) pay the $405 fee; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (AO 239, Rev. 01/15) upon Plaintiff by regular U.S. mail.

_/s/ Jamel K. Semper._
**Hon. Jamel K. Semper**
**United States District Judge**

Orig:        Clerk
cc:           Jessica S. Allen, U.S.M.J.
              Parties

3